# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 28, 2009

Charles R. Fulbruge III
Clerk

No. 08-51318
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LORENZO SANCHEZ SALCIDO, also known as Lorenzo Salcido,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:08-CR-114-1

Before JOLLY, BARKSDALE, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Lorenzo Sanchez Salcido challenges the denial of his new-trial motion, based on prosecutorial misconduct, following his jury-trial conviction of possession of a firearm by an individual previously convicted of a felony, in violation of 18 U.S.C. § 922(g)(1).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

During closing arguments, defense counsel discussed in detail witnesses not called by the Government and urged they were critical to the Government's case. The Government responded that it chose not to call all of its potential witnesses because such testimony "wouldn't have added any more evidence". The Government then stated: "If [defense counsel] had really wanted to answer some of the questions --". The court interrupted, stated the Government's comments were improper, and instructed the jury to disregard them.

Salcido maintains the district court abused its discretion when, following a hearing on his new-trial motion, it denied the motion by written order. Salcido maintains the Government's comments suggested the uncalled witnesses' testimony would have bolstered the Government's evidence and improperly shifted the burden of proof to him. In addition, he contends that the district court's instruction failed to cure these defects because it addressed the burden shifting but not the bolstered evidence of possession of a firearm.

A district court's grant or denial of a defendant's new-trial motion is reviewed for abuse of discretion. *United States v. O'Keefe*, 128 F.3d 885, 893 (5th Cir. 1997). The motion should not be granted "unless there would be a miscarriage of justice or the weight of the evidence preponderates against the verdict". *United States v. Wall*, 389 F.3d 457, 466 (5th Cir. 2004) (citing *O'Keefe*, 128 F.3d at 898).

Where a defendant claims a miscarriage of justice occurred due to prosecutorial misconduct, our analysis consists of two steps. "First, we assess whether 'the prosecutor made an improper remark.' If so, . . . we ask whether the defendant was prejudiced." *United States v. Stephens*, 571 F.3d 401, 408 (5th Cir. 2009) (quoting *United States v. Fields*, 483 F.3d 313, 358 (5th Cir. 2007)).

If we conclude the prosecutor made an improper remark, our court considers three factors in determining whether the misconduct constitutes reversible error: "(1) the magnitude of the prejudicial effect of the prosecutor's remarks, (2) the efficacy of any cautionary instruction by the judge, and (3) the

2

strength of the evidence supporting the conviction". *United States v. Hernandez-Guevara*, 162 F.3d 863, 874 (5th Cir. 1998).

The Government's remarks were not improper. In *Stephens*, we examined an exchange similar to that between Salcido's defense counsel and the Government. 571 F.3d at 407-08. There*,* our court held the Government's comments were a response to defense counsel's statements and not an attempt to shift the burden of proof. *Id*. at 408. Here, the comments were likewise a response to defense counsel's statements and did not constitute misconduct. *See id*.

Assuming, *arguendo*, the Government's comments were improper, Salcido fails to show the requisite prejudice. For obvious reasons, our court affords considerable weight to the district court's "on-the-scene assessment of the prejudicial effect". *United States v. Fields*, 72 F.3d 1200, 1207 (5th Cir. 1996). Here, in denying the new-trial motion, the district court concluded: the magnitude of the prejudicial effect was small; the immediate objection and curative instruction were effective; and there was adequate other evidence to support the jury's verdict. *United States v. Salcido*, No. MO-08-CR-114, slip op. at 3 (W.D. Tex. 19 Nov. 2008). And, as in *Stephens*, the district court gave a curative instruction, in addition to its general burden-of-proof instruction. *See Stephens*, 571 F.3d at 408 n.9. Moreover, evidence of Salcido's guilt was more than sufficient to support the verdict. *See id*. at 408.

AFFIRMED.